**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4925**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARRY RAY MILES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (CR-05-10)

Submitted: April 24, 2006                  Decided: May 16, 2006

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Barry Ray Miles appeals his conviction for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (2000), and the resulting 235-month sentence of imprisonment. Miles's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but identifying eleven possible issues. Miles, informed of his right to file a pro se supplemental brief, has not done so. We affirm.

In the first two issues, counsel generally challenges the district court's compliance with Fed. R. Crim. P. 11 in accepting Miles's guilty plea. Our review of the transcript of the Rule 11 hearing leads us to conclude that the district court fully complied with the requirements of Rule 11. We therefore find no plain error in the court's acceptance of Miles's guilty plea.

Miles next asserts four issues challenging the sentence imposed by the district court. He first contends that the district court should not have included a firearms enhancement in calculating the guideline range. We find that this claim lacks merit, as counsel for Miles stipulated to imposition of the firearms enhancement. The other three sentencing issues are conclusory challenges to the sentence that we find without merit. Based on the presentence report and stipulations by the parties, the district court calculated a guideline range of 235 to 293

months.  The court then imposed the lowest sentence in the range, 235 months of imprisonment, to be followed by five years of supervised release.

After United States v. Booker, 543 U.S. 220 (2005), courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted).  "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable."  United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks and citation omitted).  We find the district court properly calculated the guideline range.  The district court's sentence is the lowest sentence available under the guideline range, and the court treated the guidelines as advisory and considered the § 3553(a) factors.  Accordingly, we find Miles's sentence to be reasonable under Booker.

Miles's challenge to the district court's denial of his motion to withdraw the guilty plea and vacate the sentence is without merit.  A defendant may withdraw a guilty plea prior to sentencing under certain circumstances.  Fed. R. Crim. P. 11(d)(2)(B).  Miles's motion to withdraw, filed after sentence was

imposed, was not timely filed. Under Rule 11(e), a defendant cannot withdraw a plea after sentence is imposed, and the plea can only be attacked on direct appeal or collateral attack. Thus, the district court did not err in denying Miles's motion.

Miles asserts that his counsel below was constitutionally ineffective, complaining that counsel stipulated to a drug quantity of between 150 and 500 grams of crack for sentencing despite the fact that the plea agreement provided for a guilty plea to "more than fifty grams" of crack. "Ineffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show that counsel was ineffective, we will not review this claim.

We reject Miles's claim that his sentencing for 150 to 500 grams of cocaine base breached the plea agreement, because Miles stipulated to that amount. His general claim of cumulative error fails, as well, as we perceive no error in the district court's proceedings.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.

- 4 -

Accordingly, we affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
